# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3605

_____

Charles Edward Whitfield,                    *
                                             *
              Appellant,                      *
                                             *
      v.                                      *
                                             *
Herb Dicker, Lt., Pulaski County             *
Detention Facility; Ronald Talley,           *
Sergeant/Disciplinary Board Member,          *   Appeal from the United States
Pulaski County Detention Facility            *   District Court for the
originally sued as R. Talley; Tonya          *   Eastern District of Arkansas
Blackmon, Disciplinary Board Member,         *
Pulaski County Detention Facility            *        [UNPUBLISHED]
originally sued as T. Blackmon,              *
                                             *
              Appellees.                      *

_____

Submitted:   March 5, 2002

Filed:   March 8, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Charles Edward Whitfield appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas, granting summary judgment to defendants--employees at the Pulaski County Detention Facility (PCDF) --in his 42 U.S.C. § 1983 action. Whitfield alleged that while he was a pretrial detainee at PCDF, defendants violated his First and Fourteenth Amendment rights by placing him in segregation, where his telephone privileges were limited, prior to and after disciplinary hearings. For the reasons discussed below, we affirm the judgment of the district court.

Upon de novo review, see Hott v. Hennepin County, 260 F.3d 901, 904 (8th Cir. 2001), we conclude that summary judgment was appropriate. Whitfield's First Amendment claim failed because he did not demonstrate any actual injury from having to use the telephone while it was noisy or in the evening. See Lewis v. Casey, 518 U.S. 343, 349, 356 (1996) (inmate alleging violation of right of access to courts must show "actual injury," i.e., that actionable claim he desired to bring has been lost or rejected, or that presentation of such claim is currently being prevented). His Fourteenth Amendment claims failed because his proof did not create a genuine issue of material fact that defendants confined him to administrative segregation prior to any hearing for punitive reasons rather than for institutional security. See Bell v. Wolfish, 441 U.S. 520, 538-40, 546 (1979) (maintaining safety and internal order within institution are permissible nonpunitive objectives); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (pretrial detainees may not be punished, and whether particular restriction or condition accompanying pretrial detention is punishment turns on whether restriction or condition is reasonably related to legitimate governmental objective), cert. denied, 507 U.S. 1009 (1993). As to the disciplinary segregation, the record shows that in each disciplinary proceeding, Whitfield received

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

advance notice of the claimed violations and a written statement by the disciplinary committee of its findings, and was afforded the right to call witnesses. See Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974) (elements of due process in prison disciplinary proceeding).

We also conclude that the district court properly declined to consider Whitfield's allegations that he was placed on suicide watch at PCDF. He raised this claim in response to defendants' summary judgment motion, and he failed to show proof of administrative exhaustion as to the claim. See 42 U.S.C. § 1997e(a).

Accordingly, we affirm. We will not consider Whitfield's new allegations on appeal against the staff at his current place of confinement, Tucker Maximum Security Unit, and we deny his pending motion for an injunction against the staff there.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.